**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANCIS MWATI, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:26-cv-01351 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| CAMILLA WAMSLEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# MEMORANDUM AND ORDER

## I. MEMORANDUM

Now before the Court is Petitioner Francis Mwati's Petition for Writ of Habeas Corpus (Doc. 3) (the "Petition"), the Response to Petition for Writ of Habeas Corpus (Doc. 7) (the "Response") and Petitioner's Reply Brief in Support of Petition for Writ of Habeas Corpus (Doc. 8) (the "Reply"). For the reasons that follow, the Petition will be granted, in part, as set forth in the below Order.

### A. Relevant Background

Petitioner has lived in the United States continuously for approximately 25 years, becoming a lawful permanent resident on November 30, 2003. Pet. (Doc. 3) at 6. Notwithstanding Petitioner's long-term status and paperwork permitting travel abroad, when United States Customs and Border Patrol encountered Petitioner arriving on a flight from France on November 17, 2025, they detained him as inadmissible due to prior criminal convictions. Resp. (Doc. 7) at 1. Petitioner has remained in Respondents' custody since then. Pet. at 7. He was detained at the Stewart Detention Center in Lumpkin, Georgia, from November 17, 2025, until April 20, 2026, and thereafter at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania. Id.

Petitioner has sought cancellation of removal in Immigration Court, arguing that his prior convictions did not constitute drug-trafficking aggravated felonies or crimes of violence. Id. The Immigration Judge agreed with Petitioner, and granted his request for cancellation of removal on or about March 4, 2026. Id. The Department of Homeland Security ("DHS") subsequently sought review by the Board of Immigration Appeals ("BIA"), which remanded the matter back to Immigration Court for further proceedings. Id.; Reply (Doc. 8) at 4.

**B. Analysis**

Respondents maintain that Petitioner is detained pursuant to 8 U.S.C. § 1225. Resp. at 1 (indicating that "[t]his is an Arriving Alien case" and that Petitioner was detained "under 8 U.S.C. § 1225(b)(2)(A)"). "Presuming that the Government's argument is correct and [Petitioner's] detention is under § 1225(b)," the Court may still "award[] habeas relief where [Petitioner's] detention without a bond hearing has become so unduly prolonged that it renders § 1225(b) unconstitutional as applied to him." C.B. v. Oddo, No. 3:25-cv-00263, 2025 WL 2977870, at *5 (W.D. Pa. Oct. 22, 2025). The applicable standard for evaluating whether detention under § 1225 has become unreasonably prolonged is set forth by the Court of Appeals for the Third Circuit in German Santos v. Warden Pike County Correctional Facility, 965 F.3d 203 (3d Cir. 2020).[1] Specifically, German Santos provides four factors to evaluate whether detention has become unreasonable: (1) the duration of the detention; (2) whether the detention is likely to continue; (3) reasons for the delay, such as a detainee's request for continuance; and (4) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." German Santos, 965 F.3d at 210-11. Each is considered below.

---

[1] See, e.g., A.L. v. Oddo, 761 F. Supp. 3d 822, 825-26 (W.D. Pa. Jan 6, 2025) ("[T]his Court finds that an arriving alien such as [p]etitioner has a constitutional due process right to a bond hearing once his detention becomes unreasonable to the same extent as an alien who is subject to removal under § 1226(c)."); C.B., 2025 WL 2977870, at *5.

For the detention duration German Santos factor, which constitutes the "most important" consideration in the analysis, there is no "bright-line threshold" period presumed to be reasonable. Id. at 211. Petitioner's 339 days in immigration detention—nearly 12 months—without a custody hearing before a neutral arbiter generates serious concern that Petitioner is unreasonably detained. See id. ("[D]etention 'becomes more and more suspect' after five months." (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 234 (3d Cir. 2011))); see also C.B., 2025 WL 2977870, at *6 (10 months of detention weighs in petitioner's favor); A.L., 761 F. Supp. 3d at 826 (detention unreasonable at nine months).

The second German Santos factor, i.e., whether Petitioner's detention is likely to continue, strongly favors Petitioner. See German Santos, 965 F.3d at 211 ("When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable."). The Immigration Court already granted Petitioner's request for cancellation of removal once. Now, further proceedings before the Immigration Court on the same request are required as well as possible further appeals by an unsuccessful party to the BIA and the Court of Appeals. Even more so than the petitioner in German Santos, whose application for cancellation of removal had been denied at the Immigration Court level and whose appeal was pending before the BIA at the time of that decision, Petitioner here is "likely to stay detained for some time." Id. at 212.

With respect to the reasons for Petitioner's detention, the Court may not hold Petitioner's good-faith legal challenges to removal against him. See id. at 211. Respondents do not argue, and the record does not suggest, that Petitioner has acted in bad faith or caused unnecessary delay. This German Santos factor, accordingly, does not support either party's position. See id. at 212.

Finally, Petitioner inexplicably failed to develop a record concerning the conditions of his confinement. District courts within the Third Circuit have recognized that the conditions at Moshannon Valley Processing Center are penal in nature.[2] But the absence of a factual record here pertaining to this factor renders it neutral.

In sum, two German Santos factors weigh in favor of Petitioner—the likelihood of continuation of detention strongly so. The remaining German Santos factors remain neutral. Accordingly, the Court will grant the Petition to the extent that Petitioner seeks an order from this Court directing that he receive a bond hearing before an immigration judge. "At [Petitioner's] bond hearing, the Government bears the burden of persuasion by clear and convincing evidence. That evidence must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community." Id. at 214 (citing Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 477-78 (3d Cir. 2015)); see also A.L., 761 F. Supp. 3d at 826.[3]

## II. ORDER

For the above reasons, the Petition for Writ of Habeas Corpus (Doc. 3) is **GRANTED** to the extent that Respondents shall arrange for Petitioner to have a bond hearing before an immigration judge within 30 calendar days of the date of this order. The petition is **DENIED** to the extent it requests any additional relief without prejudice to renewal. **IT IS FURTHER ORDERED** that, consistent with the process set forth in German Santos v. Warden Pike County

[2] See Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F. 4th 418, 434 (3d Cir. 2026) (citing Grigoryan v. Jamison, No. 2:25-cv-01389, 2025 WL 1257693, at *5 (E.D. Pa. Apr. 30, 2025) (collecting cases)).

[3] Respondents' position that Petitioner should receive a § 1226(a) bond hearing, i.e., one at which Petitioner bears the burden, is facially incompatible with their position that Petitioner is detained pursuant to § 1225(b). Respondents give no reason for the Court to diverge from the process requirements set forth in German Santos.

Correctional Facility, 965 F.3d 203, 213-14 (3d Cir. 2020), in order to continue detaining Petitioner, Respondents must make an individualized showing at the bond hearing, by clear and convincing evidence, that Petitioner's detention is needed to prevent Petitioner from fleeing or harming the community.

IT IS SO ORDERED.

October 23, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):
All Counsel of Record